William Anderson (California State Bar #177034)
SCHMEISER, OLSEN & WATTS, LLP
3125 Tiger Run Court
Suite 103
Carlsbad, CA 92010
Office: (858) 623-3227
Fax: (442) 244-0567
wanderson@iplawusa.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Justin Smith, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>Extreme Performance 1, LLC, a California limited liability company,<br><br>  Defendant. | Case No.:<br><br>**COMPLAINT SEEKING INJUNCTIVE AND MONETARY RELIEF FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Justin Smith hereby complains against defendant Extreme Performance 1, LLC ("Defendant") and for its causes of action alleges as follows:

**NATURE OF THE ACTION**

1. This is an action brought by Plaintiff against Defendant for permanent injunctive relief and monetary damages to remedy infringement by Defendant of United States Patent Number 9,988,083 (hereinafter the "'083 Patent"). A true and correct copy of the '083 Patent is attached hereto as Exhibit A.

2. Plaintiff is the owner of all right, title and interest in the '083 Patent, entitled "Tie Rod Connection Pivot Assembly."

- 1 -

3. Defendant makes, uses, sells, and/or offers for sale, in the United States, at least one product that infringes the '083 Patent.

4. Accordingly, Plaintiff seeks monetary and injunctive relief pursuant to its claims arising out of Defendant's willful and wrongful taking of, making, using, selling and/or offering to sell, in the Unites States, Plaintiff's invention as claimed in the '083 Patent.

## PARTIES

5. Plaintiff Justin Smith is an Arizona resident residing at 21234 West Caravaggio Lane, Wittmann, Arizona 85361.

6. Plaintiff designs, markets, sells and installs off-road vehicle suspension and related products throughout the Unites States.

7. Plaintiff is the exclusive owner of the patent rights on which the claims of relief asserted herein are based.

8. Defendant Extreme Performance 1, LLC, is a limited liability company organized and existing under the laws of California with its principal place of business at 5486 Industrial Parkway, Building E, San Bernardino, California, 92407.

9. Defendant markets, uses, sells and/or offers for sale off-road vehicle suspension and related products (including tie rods).

10. Defendant is doing business in the United States by marketing, making, using, importing, selling, or offering to sell, tie rod products, or by conducting other business activities, including such activities in this District, that infringe the '083 Patent.

## JURISDICTION AND VENUE

11. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281-285. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

12. Defendant maintains a regular and established place of business located within San Bernardino County in the Eastern Division of the Central District of California. Therefore, venue is proper under 28 U.S.C. §§ 1391(b)-(d) and/or 1400(b).

13. This Court has personal jurisdiction over Defendant. Defendant regularly and continuously does business in this District and has infringed or induced infringement, and continues to do so, in this District. Defendant maintains a principal place of business within this District (San Bernardino). Upon information and belief, Defendant's business location in San Bernardino is a regular and established place of business. In addition, the Court has personal jurisdiction over Defendant because minimum contacts have been established with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

### **U.S. Patent No. 9,988,083**

14. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

15. On June 5, 2018, after full and fair examination, the United States Patent and Trademark Office ("USPTO") duly and legally issued Letters Patent No. 9,988,083 (the "'083 Patent") entitled "TIE ROD CONNECTION PIVOT ASSEMBLY" with Plaintiff Justin Smith as the named inventor.

16. Plaintiff has not assigned, licensed, or otherwise transferred his rights to the '083 patent, and Plaintiff remains the owner of all the right, title and interest in the '083 Patent, including the right to recover damages for past infringement.

17. The '083 Patent is valid and enforceable.

18. Plaintiff sells tie rod connection pivot assembly products that embody the limitations of one of more claims of the '083 Patent. A pair of photographs of an exemplary product sold by Plaintiff is attached hereto as Exhibit B.

### Infringement and Accused Device

19. Upon information and belief, at least one device made, sold or offered for sale by Defendant (hereinafter "ACCUSED INFRINGING DEVICE") infringes the '083 Patent.

20. The ACCUSED INFRINGING DEVICE is offered for sale on Defendant's website https://extremeperformance1.com/shop/canam-x3-max-hd-tie-rods-bump-steer-correction-kit/. On this website, the ACCUSED INFRINGING DEVICE is labeled and marketed by Defendant as the "CAN AM X3 MAX HD TIE RODS BUMP STEER CORRECTION KIT."

21. A screenshot of Defendant's website on which the ACCUSED INFRINGING DEVICE is offered for sale by Defendant is attached as Exhibit C.

22. A set of photographs of a sample of the ACCUSED INFRINGING DEVICE, as also displayed on Defendant's website, https://extremeperformance1.com/shop/canam-x3-max-hd-tie-rods-bump-steer-correction-kit/, is attached as Exhibit D.

23. On December 4, 2018, Plaintiff sent a letter directed to Extreme Performance ("Cease and Desist Letter") in which Plaintiff: (a) advised Defendant of Plaintiff's rights in the '083 Patent; (b) advised Defendant that Defendant's actions

(manufacturing, using, offering for sale, displaying, and selling the "Can Am X3 Max HD Tie Rods Bump Steer Correction Kit") infringed the '083 Patent; (c) demanded that Defendant cease engaging in the infringing conduct; (d) demanded an accounting of sales of the ACCUSED INFRINGING DEVICE and written assurances that the infringing conduct had ceased; and (e) indicated a willingness to discuss licensing the '083 Patent. A true and correct copy of the Cease and Desist Letter is attached hereto as Exhibit E.

24. Defendant has neither entered into a license agreement with Plaintiff, nor ceased its infringement of the '083 Patent.

25. Defendant's ACCUSED INFRINGING DEVICE competes directly with Plaintiff's products sold under the '083 Patent.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 9,988,083)

### [35U.S.C. § 271(a)]

26. Plaintiff incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

27. Upon information and belief, Defendant Extreme Performance 1, LLC, directly and/or through intermediaries (including distributors, retailers, and others) has been and is now directly infringing the '083 Patent by making, using, selling, offering for sale, importing into the United States and/or exporting its products that practice or embody one or more claims of the '083 Patent. Defendant's products practice or embody at least claims 9, 10 and 12 of the '083 Patent.

28. Upon information and belief, Defendant is making, using, importing, selling, or offering to sell in the United States the ACCUSED INFRINGING DEVICE

identified in Exhibit C, which ACCUSED INFRINGING DEVICE infringes one or more claims of the '083 Patent.

29. Exhibits F and G are photographs of the ACCUSED INFRINGING DEVICE identified in Exhibit C.

30. The ACCUSED INFRINGING DEVICE infringes at least independent claim 9 of the '083 Patent because it includes each and every element of independent claim 9 of the '083 Patent.

31. More specifically, the ACCUSED INFRINGING DEVICE includes a wheel end assembly comprising: a tie rod adapted to be coupled to a wheel carrier at an outer tie rod joint (Exhibit F at #10); said tie rod comprising an elongate body and a tie rod end (Exhibit F at #10); a pin member adapted to be disposed between upper and lower mounting extensions of said wheel carrier (Exhibit G at #12); said pin member comprising a first end (Exhibit G at #14); a second end (Exhibit G at #16); and an expanded ball portion between said first and second end (Exhibit G at #18), wherein said expanded ball portion is offset toward said lower mounting extension (Exhibit G, expanded ball portion #18 is offset toward lower mounting extension proximate second end #16); said tie rod joint defined by a pivotal coupling of said tie rod end, said pin member passing through an aperture in said tie rod end (Exhibit G, pin member #12 passes through aperture 20 in tie rod end, forming a pivotal coupling of pin member to tie rod end); and a pivot point between said tie rod end and said expanded ball portion, wherein said pivot point is closer to said lower mounting extension than said upper mounting extension (Exhibit G, pivot point P is closer to lower mounting extension proximate second end #16 than the upper mounting extension proximate first end #14).

32. The ACCUSED INFRINGING DEVICE infringes at least dependent claim 10 of the '083 Patent because it includes each and every element of dependent

claim 10 of the '083 Patent, including the above-described elements of independent claim 9 from which dependent claim 10 depends.

33. More specifically, the ACCUSED INFRINGING DEVICE includes a flared portion between said expanded ball portion and said first end (Exhibit G, pin member #12 has a flared portion #22 between ball portion #18 and first end #14).

34. The ACCUSED INFRINGING DEVICE infringes at least dependent claim 12 of the '083 Patent because it includes each and every element of dependent claim 12 of the '083 Patent, including the above-described elements of independent claim 9 from which dependent claim 12 depends.

35. More specifically, the ACCUSED INFRINGING DEVICE includes the wheel end assembly according to claim 9, wherein said pivot point is more than 2 mm from said upper mounting extension (Exhibit G, pivot point P is more than 2 mm from upper mounting extension proximate first end #14).

36. Not later than December 4, 2018 (upon receipt of the Cease and Desist Letter), and on information and belief, prior to making, using, importing, selling, or offering to sell in the United States the ACCUSED INFRINGING DEVICE, Defendant was aware of the '083 Patent.

37. On information and belief, Defendant had notice of Plaintiff's rights under the '083 Patent, yet willfully and intentionally commenced infringing, and has continued to infringe, the '083 Patent.

38. Defendant's acts of direct infringement are willful, wanton, and deliberate, without license, and with full knowledge and awareness of the '083 Patent.

39. As a result of Defendant's acts of infringement, Plaintiff has suffered irreparable harm, and will continue to suffer irreparable harm until and unless

Defendant's infringing activities are enjoined for the duration of this action and thereafter.

40. Harm to Plaintiff within this judicial district and elsewhere in the United States resulting from the acts of direct infringement of the '083 Patent by Defendant, as set forth above, is irreparable, continuing, and not fully compensable by money damages alone.

41. On information and belief, Defendant has profited and will continue to profit by its wrongful activities.

42. Plaintiff has been damaged by Defendant's infringing activities and will continued to be damaged by these activities if Defendant is not enjoined.

43. The amount of monetary damages which Plaintiff has suffered by the acts of Defendant, as set forth above, cannot be determined without an accounting.

44. Plaintiff is entitled to recover from Defendant's wrongful acts of infringement of the '083 Patent, in an amount subject to proof at trial.

45. Defendant's wrongful acts of infringement of the '083 Patent, as outlined above, are willful and deliberate, entitling Plaintiff to enhanced damages and to attorneys' fees incurred in prosecuting this action.

## SECOND CLAIM FOR RELIEF

**(Inducing Infringement of U.S. Patent No. 9,988,083)**

**[35 U.S.C. § 271(b)]**

46. Plaintiff incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

47. Defendant Extreme Performance 1, LLC, indirectly infringes the '083 Patent by inducement of infringement in accordance with 35 U.S.C. § 271(b).

Defendant provides products, including the ACCUSED INFRINGING DEVICE, which is the subject of claims 9 and 10 of the '083 patent; constitutes a material component of the wheel end assembly that is the subject of claims 1, 2, 3, 4, and 5 of the '083 Patent; and also constitutes an apparatus for use in practicing the patented process of claim 14 of the '083 patent, to companies and/or end-user customers in the United States who, in turn, install and use Defendant's products. Accordingly, Defendant indirectly infringes because Defendant has been and is now actively inducing others, such as end-users of Defendant's products, to directly infringe one or more claims of the '083 Patent.

48. In manufacturing, importing, marketing selling and/or offering for sale the ACCUSED INFRINGING DEVICE within the United States, Defendant is inducing customers and consumers who purchase or otherwise procure or use the ACCUSED INFRINGING DEVICE to infringe the '083 Patent.

49. On information and belief, Defendant reasonably knows that the manufacturing, importing, marketing, selling and/or offering for sale of the ACCUSED INFRINGING DEVICE will induce customers and consumers to infringe the '083 Patent.

50. On information and belief, Defendant's acts of inducing infringement of the '083 Patent, as outlined above, are willful, wanton, and deliberate, without license, and with full knowledge and awareness of the '083 Patent. As a result, Plaintiff is suffering irreparable harm and this irreparable harm will continue until and unless Defendant's infringing activities are enjoined for the duration of this action and thereafter.

51. Harm to Plaintiff within this judicial district and elsewhere in the United States resulting from the acts of inducement to infringe the '083 Patent by Defendant, as

set forth above, is irreparable, continuing, and not fully compensable by money damages alone.

52. On information and belief, Defendant has profited and will continue to profit by its wrongful acts of inducement to infringe the '083 Patent.

53. Plaintiff has been and will be damaged by Defendant's wrongful acts of inducement to infringe the '083 Patent. The amount of monetary damages that Plaintiff has suffered by the wrongful acts of Defendant, to induce infringement of the '083 Patent, as set forth above, cannot be determined without an accounting.

54. Plaintiff is entitled to recover from the wrongful acts of Defendant, to induce infringement of the '083 Patent, in an amount subject to proof at trial.

55. The wrongful acts of Defendant, to induce infringement of the '083 Patent, as outlined above, are willful and deliberate, entitling Plaintiff to enhanced damages and to attorneys' fees incurred in prosecuting this action.

### THIRD CLAIM FOR RELIEF

### (Contributory Infringement of U.S. Patent No. 9,988,083)

### [35 U.S.C. § 271(c)]

56. Plaintiff incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

57. Defendant Extreme Performance 1, LLC, contributes to infringement of the '083 Patent in accordance with 35 U.S.C. § 271(b). Defendant sells products, including the ACCUSED INFRINGING DEVICE, which is the subject of claims 9 and 10 of the '083 patent; constitutes a material component of the wheel end assembly that is the subject of claims 1, 2, 3, 4, and 5 of the '083 Patent; and also constitutes an apparatus for use in practicing the patented process of claim 14 of the '083 patent, to companies and/or end-user customers in the United States who, in turn, install and use

Defendant's products and/or use them in a manner that infringes those claims. Defendant contributes to infringement because Defendant has been and is now actively selling a product that is the subject of one or more claims of the '083 patent, a material part of the assembly of one or more claims of the '083 patent, and/or an apparatus for use in practicing a process of one or more claims of the '083 patent, knowing the same to be especially made or especially adapted for use in infringement of the '083 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

58. The ACCUSED INFRINGING DEVICE is especially made or especially adapted for use in an infringement of one or more claims of the '083 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

59. On information and belief, Defendant reasonably knows that the ACCUSED INFRINGING DEVICE is especially made or especially adapted for use in an infringement of one or more claims of the '083 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

60. On information and belief, Defendant's acts of contributing to infringement of the '083 Patent, as outlined above, are willful, wanton, and deliberate, without license, and with full knowledge and awareness of the '083 Patent. As a result, Plaintiff is suffering irreparable harm and this irreparable harm will continue until and unless Defendant's contributory infringement activities are enjoined for the duration of this action and thereafter.

61. Harm to Plaintiff within this judicial district and elsewhere in the United States resulting from the acts of contributory infringement of the '083 Patent by Defendant, as set forth above, is irreparable, continuing, and not fully compensable by money damages alone.

62. On information and belief, Defendants has profited and will continue to profit by its wrongful acts of contributory infringement of the '083 Patent.

63. Plaintiff has been and will be damaged by Defendant's contributory infringement activities. The amount of monetary damages that Plaintiff has suffered by the acts of Defendant, as set forth above, cannot be determined without an accounting.

64. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the wrongful contributory infringement activities of Defendant in an amount subject to proof at trial.

65. The acts of contributory infringement of the '083 Patent by Defendant as outlined above, are willful and deliberate, entitling Plaintiff to enhanced damages and to attorneys' fees incurred in prosecuting this action.

## DEMAND FOR JURY TRIAL

66. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant Extreme Performance 1, LLC, as follows:

1. A judgment that Defendant has directly infringed, indirectly infringed by way of inducement, and/or contributed to the direct infringement of the '083 Patent;

2. A judgment and order that Defendant Extreme Performance 1, LLC, and any of its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors and assigns, and those persons acting in concert, participation, privity, on behalf of, in joint venture, or in partnership with Defendant Extreme Performance 1, LLC, be enjoined permanently from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of

any claim of the '083 Patent, or otherwise infringing, inducing to infringe, or contributing to the infringement of the '083 Patent;

3. That the Court order an accounting for damages, including Defendant's profits resulting from Defendant's acts of infringement, through verdict and thereafter until Defendant is enjoined from further infringing activities;

4. A judgment and order that Plaintiff be awarded damages adequate to compensate for the infringement under 35 U.S.C. § 284, including Defendant's profits resulting from Defendant's acts of infringement, Plaintiff's lost profits and/or a reasonable royalty, and including supplemental damages for any continuing post-verdict infringement until Defendant is enjoined from further infringing activities;

5. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '083 Patent by Defendant to the day a damages judgment is entered, and further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

6. A judgment and order finding that Defendant's infringement is willful and deliberate, entitling Plaintiff to treble damages pursuant to 35 U.S.C. § 284;

7. A judgment and order finding this to be an exceptional case and requiring Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

8. In the event an injunction is not awarded, a compulsory ongoing royalty; and,

9. That Plaintiff be awarded such other and further relief as the Court deems just and equitable.

DATED this 19th day of February, 2020.

           SCHMEISER, OLSEN & WATTS LLP

           By:

           */s/William Anderson*

           William Anderson (#177034)

           SCHMEISER, OLSEN & WATTS, LLP
           3125 Tiger Run Court
           Suite 103
           Carlsbad, CA 92010
           Office: (858) 623-3227
           Fax: (442) 244-0567
           wanderson@iplawusa.com
           Attorneys for Plaintiff