Gordon E. Gray III (CSB #175209)
GRAY LAW FIRM
4401 N. Atlantic Ave.
Long Beach, CA 90807
(562) 984-2020
geg@grayiplaw.com

Jeffrey W. Johnson (*pro hac vice)* (ASB #024435)
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073
Facsimile: (480) 655-9536
jjohnson@IPlawUSA.com

Attorneys for Plaintiff Justin Smith

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Justin Smith, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Extreme Performance 1, LLC, a California limited liability company,<br><br>Defendant. | Case No.: 5:20-cv-00328-RGK-SHK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Date: June 22, 2020**<br>**Time: 9:00 a.m.**<br>**Place: Courtroom 850**<br>**Before Honorable R. Gary Klausner** |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. LEGAL STANDARD ........................................ 1

III. ARGUMENT ........................................ 2

A. Mr. Smith Plausibly Alleges Induced Infringement ........................................ 4

B. Mr. Smith Plausibly Alleges Contributory Infringement ........................................ 10

C. Mr. Smith Plausibly Alleges Willful Infringement ........................................ 14

IV. CONCLUSION ........................................ 16

# TABLE OF AUTHORITIES

**Supreme Court Cases**


*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 1

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 1

*Erickson v. Pardus*, 551 U.S. 89 (2007) .......... 2

*Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) .......... 8, 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) .......... 14, 16

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) .......... 6, 8


**Statutes**


*Barry v. Medtronic, Inc.*, 914 F.3d 1310 (Fed. Cir. 2019) .......... 9

*CAP Co. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 3945875 (N.D. Cal. June 26, 2015) .......... 7

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293 (Fed. Cir. 2005) .......... 6

*Document Sec. Sys., Inc. v. Lite-On, Inc.*, No. CV1706050JVSJCGX, 2018 WL 2422589 (C.D. Cal. Feb. 5, 2018) .......... 16

*Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, No. 17-cv-06880-BLF, 2018 WL 3537166 (N.D. Cal. July 23, 2018) .......... 15

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) .......... 11

*Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*, No. 24 SA CV 13-0030-AG, 2013 WL 12126111 (C.D. Cal. Aug. 21, 2013) .......... 4

*Motiva Patents, LLC v. Sony Corp. HTC Corp.*, No. 9:18-CV—00180-JRG-KFG, 2019 WL (E.D. Tex. Sept. 27, 2019) .......... 18

*Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014) .......... 2

*NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005) .......... 6

*Paragon Solutions, LLC v. Timex Corp.*, 566 F.3d 1075 (Fed. Cir. 2009) .......... 6

*Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008) ... 6

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ... 2

*Straight Path IP Grp., Inc. v. Apple, Inc.*, No. C 16-03582 WHA, 2017 WL 3967864 (N.D. Cal. Sept. 9, 2017) ... 16

*Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625 (Fed. Cir. 2015) ... 8

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344 (Fed. Cir. 2016) ... 10

**Federal Statutes**

35 U.S.C. § 271(a) ... 5

35 U.S.C. § 271(b) ... 5

35 U.S.C. § 271(c) ... 10

**Rules**

Fed. R. Civ. Proc. 12(b)(6) ... 1, 2

Fed. R. Civ. Proc. 8(a)(2) ... 1

Plaintiff Justin Smith (hereinafter "Mr. Smith") hereby opposes defendant's motion to dismiss pursuant to FRCP 12(b)(6). Mr. Smith brought this case against Extreme Performance 1, LLC ("Extreme Performance" or "Defendant") for patent infringement. Defendant has moved to dismiss Mr. Smith's claims for willful infringement and indirect infringement. Defendant has not otherwise responded to the Complaint.

## I. INTRODUCTION

Defendant asks this Court to dismiss Mr. Smith's allegations of inducing, contributory, and willful infringement. It does so by claiming that the alleged facts fail to plausibly show specific intent to infringe and knowledge of infringement of U.S. Patent No. 9,988,083 (the "Smith Patent") with respect to inducement, fail to plausibly allege knowledge of infringement and that the accused device was a material component for use in practicing the Smith Patent and not a staple article of commerce (with respect to contributory), and fail to allege facts showing egregious conduct. Each of these arguments fails, and each is addressed in turn below.

## II. LEGAL STANDARD

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Defeating a Rule 12(b)(6) motion to dismiss requires the complaint to provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id*. When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must make all reasonable inferences in the plaintiff's favor. *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). Surviving a Rule 12(b)(6) motion requires only that the plaintiff's factual allegations "plausibly suggest an entitlement to relief such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III. ARGUMENT

Before addressing the specifics of Defendant's argument, it is important, with respect to the standard applicable in this case and in light of Defendant's arguments, to emphasize a number of things. First, the standard is plausibility—not probability, likelihood to succeed, or proof of the elements. The standard is to simply plausibly suggest (not plausibly prove), which is an appropriate standard given that the intent of the relevant rules is to simply give Defendant notice of the claims and the grounds on which they rest. This is not a trial, and Plaintiff is not required to prove his case at the pleading stage – he is simply to put Defendant on fair notice. Next, the facts are to be interpreted (and inferences drawn) in a light most favorable to Mr. Smith. The court is expected to connect some of the dots – not simply review a sterile listing of facts. These points are important, because while Defendant appears to state the proper standard of proof, its proposed application ignores the standard and instead asks the Court to ignore reasonable inferences that should be drawn from the facts as pled, and to also require that the facts prove the elements, rather than simply plausibly suggest them. Finally, the goal of the standard is to avoid having to be unfairly subjected to the expense of discovery and continued litigation. However, in this case, there will be discovery and continued litigation given Mr. Smith's unchallenged underlying direct patent infringement claim.

So even if this court grants Defendant's motion with respect to the issues raised here, doing so will not arguably have the impact desired by Defendant.

Plaintiff also notes its complaint includes 10 pages of factual allegations (including dozens of specific factual statements) and dozens of pages of exhibits including screen captures of Defendant's websites showing the alleged infringing product, all provided as evidence in support of Plaintiff's claims. All of this together provides a context through which Plaintiff's allegations should be viewed, and against which inferences, which are to be drawn in favor of the Plaintiff, are to be made. The claims in this case are far from being "threadbare recitals of the elements of a cause of action supported by mere conclusory statements."

Finally, a number of items are relevant to most, if not all, of Defendant's assertions. First, Defendant was notified, <u>more than one year prior to the initiation of this litigation</u>, specifically, and in writing, of the Smith Patent, and Defendant's infringement of the same. The notification included a copy of the patent, and specifically identified the product Plaintiff alleged to be infringing, and screen shots of Defendant's website on which it sells the product and touts its ability to correct bump steer. Thus, the actions alleged in the complaint with respect to direct infringement, indirect infringement, and willfulness, took place when Defendant had actual knowledge of the Smith Patent and the fact that Defendant's products infringed those patents. Federal Circuit authority holds that such knowledge is sufficient to support claims for indirect infringement. *Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*, No. 24 SA CV 13-0030-AG, 2013 WL 12126111, at *6 (C.D. Cal. Aug. 21, 2013) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)). Continuing to offer the products subsequent to this notice constitutes willful blindness, and consequently, willful infringement. Furthermore, Plaintiff specifically alleged, in the complaint itself, in detail, direct infringement of the Smith Patent. These direct infringement allegations included specific identification of each infringing element, and these allegations of direct infringement were incorporated by reference into the indirect infringement claims.

### A. Mr. Smith Plausibly Alleges Induced Infringement

Defendant argues for dismissal claiming Mr. Smith "fails to allege facts that plausibly show the required elements of both specific intent and knowledge, namely that Defendant specifically intended its customers to infringe the '083 patent-in-suit and knew that a customer's acts constituted infringement." ECF Dkt. No. 24-1, Memo 3:19-22. More specifically, Defendant states (citing to various cases) that the complaint must contain facts plausibly showing that the Defendant specifically intended its customers to infringe the patent and knew that the induced acts constituted infringement. *Id.* at 3:24-4:3. Defendant also claims that a Plaintiff must plead facts that support an inference that an underlying act of direct infringement has occurred. *Id.* at 4:4-5. Defendant also argues that "intent" to infringe requires more than a description of the "infringing mode" in product documentation, rather requiring, recommending, encouraging or promoting an infringing use, or suggesting that an infringing use should be performed. *Id.* at 4:11-12.

Even if the standard is as high as Defendant suggests it to be, Plaintiff's allegations clearly meet that standard from a plausibility standpoint. As alleged, Defendant had actual knowledge of Plaintiff's patent, Plaintiff's infringement claims, the fact that it addressed bump steer in a specific way, and Defendant's specific infringing product. *E.g.*, ECF Dkt. No. 19, Pl.'s First Am. Compl. ("FAC") ¶¶ 24, 48, 49, 50. Nevertheless, Defendant (1) continued to sell a product directly reading on the Smith Patent's claims, and not only that, but, (2) gave it a product name that indicated it was for the correction of bump steer, (3) specifically stated in its advertising that this same infringing product would correct bump steer, and, (4) in conjunction with its infringing product listing, included numerous illustrative photos showing the infringing product installed on a vehicle in a manner that also infringed the Smith Patent. *Id.* at ¶¶ 20-35, 39-50, 60-70. Finally, Plaintiff's submitted factual statements and evidence also clearly shows that Defendant (5) sold multiple units (advertised in the above-noted manner encouraging infringement) to customers. *Id.* at ¶ 33. It is more than reasonable to infer

that the customers purchasing the infringing item viewed the web pages advertising the item and describing its features before purchasing and using it in an infringing manner. Collectively, and viewed in a light and with inferences favorable to Plaintiff, as they must be, these facts plausibly state a claim for relief that Defendant induced infringement of the Smith Patent. Given the actual knowledge of the patent and infringing product (more than a year before this suit), it is almost certain, not simply plausible, that Defendant intended its customers to purchase the infringing product to use in a manner that infringed the Smith Patent.

The FAC clearly alleges Defendant induces infringement of the apparatus, system, or device claims 1, 2, 3, 4, 5, 9, 10, and 12 of the '083 Patent, as well as the method claim 14 of the '083 Patent. ECF Dkt. No. 19, FAC ¶¶ 60-61. "[W]hoever without authority . . . uses . . . any patented invention, within the United States . . . during the term of the patent . . . infringes the patent." 35 U.S.C. § 271(a). Rules governing *use* infringement depend on the nature of the claim-in-suit. Infringing *use* of a patented method or process is fundamentally different from infringing *use* of a patented system or device. *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005). Any *use* of a device that meets all of the limitations of an apparatus claim clearly infringes. *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311-12 (Fed. Cir. 2005); *Paragon Solutions, LLC v. Timex Corp.*, 566 F.3d 1075, 1091 (Fed. Cir. 2009). Thus, any customer of Defendant, that purchases and *uses* the accused infringing device in any manner whatsoever, necessarily directly infringes at least the apparatus, system or device claims 9, 10, and 12 of the '083 patent. Defendant induced infringement by its customers by advertising the accused infringing device for sale, knowing its customers that purchased the device would directly infringe Plaintiff's patent by using the device in any manner whatsoever.

Regarding the other apparatus claims 1-5 and method claim 14, the specific intent element is also shown to be at least plausible. Defendant may be liable for inducement to infringe under 35 U.S.C. § 271(b) if it had specific intent to cause infringement of the

'083 Patent by the manner in which the accused infringing device is caused to be used. *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1342-43 (Fed. Cir. 2008); The Supreme Court, in *Grokster,* recognized that a failure to remove or diminish infringing features of a distributed product is relevant to a party's intent that those features be used for direct infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 939 & n. 12, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (noting that evidence of a failure to act, however, must be accompanied by other evidence of affirmative acts); *see also id*. at 940 n. 13, 125 S.Ct. 2764 ("[T]he distribution of a product can itself give rise to liability where evidence shows that the distributor intended and encouraged the product to be used to infringe."). "To plead allegations of specific intent sufficient to state an indirect infringement claim, the patentee need not cite statements from the accused infringer specifically instructing the direct infringer 'to perform all of the steps of the patented method'; it is enough to cite examples where the accused infringer advertised benefits that can be achieved only through use of the asserted patent." *CAP Co. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015) (citing *Bill of Lading*, 680 F.3d at 1341-42) (granting Motion to Dismiss inducement claim because Plaintiff failed to allege *any* statements by Defendant at all, making only passing references to "user manuals guides, and support articles," *without ever saying what those materials contain*, which is wholly inadequate for an inference of specific intent). Here, in contrast to *CAP Co.*, Plaintiff does state in the FAC specifically what Defendant's advertising materials (its website and eBay listings) contain (product name includes "bump steer correction", marketing description touts product's ability to fix the bump steer issue, product marketing description focus on the inclusion of the misalignment spacer (which Plaintiff alleges is only needed to correct bump steer, and which is specifically claimed in Plaintiff's patent and identified in the direct infringement analysis), and photographs showing purchasers the product installed on a vehicle in an infringing mode), which at least shows plausibility of Defendant's specific intent sufficient to state an inducement claim. ECF Dkt. No. 19, FAC ¶¶ 20-33.

Defendant relies on *Takeda Pharm. U.S.A., Inc*. to show "that 'intent' to infringe requires more than a description of the 'infringing mode' in product documentation." ECF Dkt. No. 24-1, Memo 4:11-12 (citing to *Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015) (noting that merely describing an infringing mode is not the same as recommending, encouraging or promoting an infringing use, or suggesting that an infringing use should be performed). The implication is that, in its advertising, Defendant has done nothing more than describe an infringing mode of use of the accused infringing device, from among other potential non-infringing uses of the device, and therefore Defendant cannot be shown to have induced its customers to use the device in the described infringing mode when those customers are free to use the device in other non-infringing ways. The problem with this reasoning is that, in the present case (as specifically alleged by Plaintiff at ECF Dkt. No. 19, FAC ¶¶ 64, 66, 80, 82, 83, 85), there are no other non-infringing uses of the accused infringing device. The only meaningful use of the accused infringing device is for the device to be coupled to a wheel end assembly of a vehicle frame to improve bump steer of a vehicle. *Id.* Although the law may be reluctant to find liability for inducement to infringe when a defendant merely sells a commercial product suitable for some lawful use,

> [e]vidence of "active steps ... taken to encourage direct infringement," *Oak Industries, Inc. v. Zenith Electronics Corp.,* 697 F.Supp. 988, 992 (N.D.Ill.1988), such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use, see, *e.g., Water Technologies Corp. v. Calco, Ltd.,* 850 F.2d 660, 668 (C.A.Fed.1988) (liability for inducement where one "actively and knowingly aid[s] and abet[s] another's direct infringement" (emphasis deleted)); *Fromberg, Inc. v.*

> *Thornhill,* 315 F.2d 407, 412–413 (C.A.5 1963) (demonstrations by sales staff of infringing uses supported liability for inducement); *Haworth Inc. v. Herman Miller Inc.,* 37 U.S.P.Q.2d 1080, 1090, 1994 WL 875931 (W.D.Mich.1994) (evidence that defendant "demonstrate[d] and recommend[ed] infringing configurations" of its product could support inducement liability); *Sims v. Mack Trucks, Inc.,* 459 F.Supp. 1198, 1215 (E.D.Pa.1978) (finding inducement where the use "depicted by the defendant in its promotional film and brochures infringes the ... patent"), overruled on other grounds, 608 F.2d 87 (C.A.3 1979). Cf. W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 37 (5th ed. 1984) ("There is a definite tendency to impose greater responsibility upon a defendant whose conduct was intended to do harm or was morally wrong").

*Grokster,* 545 U.S. at 936, 125 S. Ct. at 2779–80.

Inducement can be shown by "active steps taken to encourage direct infringement," such as advertising an infringing use, instructing how to engage in an infringing use, or assisting in performing an act of infringement. *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019). The Supreme Court and the Federal Circuit have repeatedly affirmed that willful blindness toward infringement supplies the requisite knowledge for induced infringement. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("*Commil*, in reaffirming *Global-Tech*, also necessarily reaffirmed that willful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c)), even in the absence of actual knowledge."); *see also Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770, 131 S. Ct. 2060, 2071, 179 L. Ed. 2d 1167 (2011) (affirming finding of induced infringement where a defendant "willfully blinded itself to the infringing nature of the sales it encouraged"). Here, given the facts showing the actual notice

Defendant had of the Smith Patent, its claims, and specifically identified infringing products, Defendant's actions show that Defendant "willfully blinded itself to the infringing nature of the sales it encouraged." For at least this additional reason, Plaintiff's complaint adequately pleads induced infringement.

Finally, Defendant states "[t]he FAC fails to identify where or how a customer, purchaser or consumer was allegedly induced or instructed to infringe; moreover, the FAC fails to identify the customer, purchaser or consumer allegedly targeted with specific intent [and] the FAC concedes that the referenced 'advertising and marketing materials' and 'online sales listings' are simply 'accessible to the public.'" ECF Dkt. No. 24-1, Memo 5:12-17. However, courts have held it is not necessary to identify a specific customer, purchaser or consumer allegedly targeted with specific intent. The court in *In re Bill of Lading* stated:

> This court has upheld claims of indirect infringement premised on circumstantial evidence of direct infringement by unknown parties. Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific infringer, we cannot establish a pleading standard that requires something more. To sate a claim for indirect infringement, therefore, a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists.

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Exhibits H and I of the FAC show multiple sales of the Accused Infringing Device by Defendant to customers of Defendant. *See* Exhibit H to FAC, ECF Dkt. No. 19-8 at p. 2 of 13, Exhibit I to FAC, ECF Dtk. No. 19-9 at p. 2 of 11. It is reasonable to infer the customers who purchased the device also used the device, and therefore directly infringed the '083 patent.

The factual allegations in Plaintiff's complaint, viewed in a light most favorable to Plaintiff, and in view of inferences favorable to Plaintiff, plausibly show that Defendant,

who had actual knowledge of the Smith Patent and the fact that Defendant's product infringed the Smith Patent, intended to encourage acts that it knew constituted infringement of the Smith Patent.

**B. Mr. Smith Plausibly Alleges Contributory Infringement**

Defendant argues that Plaintiff's contributory infringement claim should be dismissed because it "fails to plausibly allege Defendant's knowledge of the alleged infringement and fails to allege Defendant's accused device, component or apparatus is a material part or component for use in practicing the '083 patent-in-suit and not a staple article of commerce suitable for substantial non-infringing use." ECF Dkt. No. 24-1, Memo 6:3-7.

The FAC specifically alleges "Defendant contributes to infringement because Defendant has been and is now actively selling a product that is the subject of one or more claims of the '083 patent, a material part of the assembly of one or more claims of the '083 patent, and/or an apparatus for use in practicing a process of one or more claims of the '083 patent, knowing the same to be especially made or especially adapted for use in infringement of the '083 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." ECF Dkt. No. 19, FAC ¶ 80. The FAC also states facts sufficient to show plausibility of these allegations. *See, e.g.*, *Id.* at FAC ¶¶ 34, 77, 81-86.

Contributory infringement occurs if a party sells or offers to sell a component of a patented device and that component or apparatus (1) is material to practicing the invention, (2) has no substantial non-infringing uses, and (3) is known by the party "to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c). As with induced infringement, willful blindness supplies the knowledge requirement for contributory infringement. *Global-Tech*, 563 U.S. at 765 (holding that the knowledge requirement for contributory infringement under § 271(c) is the same as for induced infringement under § 271(b)). According to Defendant, contributory

infringement requires that Defendant had knowledge of the patent-in-suit and knowledge, not intent, that his activity caused infringement. ECF Dkt. No. 24-1, Memo 6:18-19. Defendant further claims that Plaintiff must plead facts showing that the product was especially made or adapted for infringement, and that allow an inference that the components sold or offered for sale have no substantial non-infringing uses. *Id*. at 6:23-27. Again, as noted previously, Plaintiff need only plead facts, which taken in a light most favorable to Plaintiff, and with inferences in favor in Plaintiff, plausibly meet the required elements.

As noted previously, Defendant had actual notice, more than one year prior to the filing of this lawsuit, of the Smith Patent and specific allegedly infringing products. Furthermore, the FAC specifically alleges direct infringement of the Smith Patent by Defendant's Accused Infringing Product, including a detailed, element-by-element demonstration of how the device meets all elements of the infringed claims. ECF Dkt. No. 19, FAC at ¶¶ 43-47. Plaintiff also provided the Smith Patent, including its claims, which, coupled with the detailed direct infringement analysis, demonstrate that the Accused Infringing Device, when used, is material to practicing the method claim of the Smith Patent. Plaintiff is selling the Accused Infringing Device, which reads on at least Claim 9, 10 and 12 of the Smith Patent, specifically to solve the bump steer issue as covered by Claim 14 of the Smith Patent. *Id.* Claim 14 clearly is directed to bump steer correction, as is shown, for example, by referring to the preamble of Claim 14 ("A method of coupling a wheel end assembly to a vehicle frame to improve bump steer of a vehicle"), and another element of Claim 14 "offsetting said expanded ball portion toward one of said first and second mounting extensions to substantially align said tie rod with said upper and lower arm in a substantially parallel position to thereby reduce bump steer." ECF Dkt. No. 19-1, at p. 15 of 16. More specifically, the elements of Claim 9, each which Plaintiff demonstrates in its direct infringement claim the Accused Infringing Device incorporates, are the elements required to infringe the bump steer correction method Claim 14 (i.e. they are "material to practicing the method claim of the Smith

Patent). This plausibly demonstrates that the Accused Infringing Device was especially made or especially adapted for use in an infringement. Defendant also alleged facts (and provided proof), as noted above, demonstrating that Defendant sold this product by choosing a name that indicated it was for the correction of bump steer, specifically stating in advertising for this product that it would correct bump steer, included numerous illustrative photos showing the infringing product installed in a manner that infringed Claim 14, and that Defendant sold multiple units (advertised in the above-noted manner encouraging infringement) to customers. Defendant alleged the Accused Infringing Device constitutes a material component of the wheel end assembly that is the subject of claims 1, 2, 3, 4, and 5 of the '083 Patent and that Plaintiff knows the same to be especially made or especially adapted for use in infringement of the '083 patent. ECF Dkt. No. 19, FAC ¶¶ 79, 80. Plaintiff also alleged that the Accused Infringing Device is not a staple article or commodity of commerce suitable for substantial non-infringing use. ECF Dkt. No. 19, FAC ¶¶ 79-82. Furthermore, Plaintiff also specifically alleged: 1. that Defendant, on its website, referenced and provided photographs of, in each product listing, misalignment spacers; 2. that such misalignment spacers read on Claims 9, 10, 12 and 14; 3. that such misalignment spacers exist solely for the purpose of allowing Defendant to meet Defendant's claimed (on its website) ability to correct bump steer; and, 4. that such misalignment spacers have no significant non-infringing use. ECF Dkt. No. 19, FAC ¶¶ 83-86. These facts, taken in a light most favorable to Plaintiff, show that Defendant knew about the Smith Patent (including that it was directed to bump steer correction and that the claims included specific claim language directed to that feature), knew about the alleged infringement, and knew that its device was especially adapted for use in infringement of the Smith Patent (especially, for example, on the basis of its references to and use of, the misalignment spacer).

The Accused Infringing Device (alleged to have directly infringed claim 9) is obviously a material part of the claimed invention, as a simple reading of the elements of Claims 1, 9 and 14 demonstrate. *See* ECF Dkt. No. 19-1, at p. 15 of 16. The Accused

Infringing Device meets claim 9, and is a material part of Claims 1 and 14. Furthermore, Plaintiff's factual statement that the Accused Infringing Device is not a staple article or commodity of commerce suitable for substantial, non-infringing use, is reasonable taken in a light most favorable to Plaintiff and in the context of the other facts plead (such as, for example, Defendant's naming of the product to include "bump steer", description of the product as intended to correct bump steer, including elements that are only used for the correction of bump steer). The reasonable inference is that there are no non-infringing uses.

Defendant relies on *Hitachi*, *infra,* to support its claim that the FAC's allegations are insufficient to support an inference that Defendant's accused device, component or apparatus is "a material part of the claimed invention in the '083 patent" and has "no substantial non-infringing uses." ECF Dkt. No. 24-1, Memo 8:23-9:3 (citing *Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, No. 17-cv-06880-BLF, 2018 WL 3537166, at *5 (N.D. Cal. July 23, 2018) (dismissing contributory infringement claims because "[s]uch a conclusory allegation does not support an inference that the accused products have 'no substantial non-infringing uses.'"). However, a closer reading of *Hitachi* reveals the FAC in *Hitachi* contained no such allegation that the accused products could not be used for purposes other than infringement. *Hitachi*, 2018 WL 3537166, at *5. It was for this reason, the court agreed with the defendants that the contributory infringement claims were deficient. *Id.* *Hitachi* is distinguished from the present case in which the FAC clearly alleges the Accused Infringing Device has no substantial non-infringing uses, as shown above.

Collectively, and viewed in a light and with inferences favorable to Plaintiff, as they must be, these facts plead by Plaintiff <u>plausibly</u> state a claim for relief that Defendant contributorily induced infringement of the Smith Patent. Contrary to Defendants allegation, this is no "formulaic recitation", it is a fact-based review of the required elements against facts, more than sufficient to meet the pleading standard.

### C. Mr. Smith Plausibly Alleges Willful Infringement

Determinations of willful infringement are left to the discretion of the district court to punish "the full range of culpable behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). "[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Id.* In *Halo*, the Supreme Court reversed Federal Circuit case law under *Seagate* that had unduly restrained district courts' discretion to award enhanced damages for willful infringement by requiring a further showing that the culpable conduct was objectively unreasonable. *Id*. Increased damages are designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior, i.e. behavior that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932. "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.* at 1933.

Willfulness does not have to be proven at the pleading stage. In the Northern District of California, allegations that a defendant was aware of asserted patents and their infringement and nonetheless continued to sell the accused products and induce infringement by its customers were sufficient to survive a motion for judgment on the pleadings. *See Document Sec. Sys., Inc. v. Lite-On, Inc.*, No. CV1706050JVSJCGX, 2018 WL 2422589, at *2 (C.D. Cal. Feb. 5, 2018) (citing *Straight Path IP Grp., Inc. v. Apple, Inc.*, No. C 16-03582 WHA, 2017 WL 3967864, at *4 (N.D. Cal. Sept. 9, 2017)).

Here, Plaintiff's complaint contains allegations which, taken in a light most favorable to Plaintiff, make it plausible that Defendant engaged in conduct that would warrant enhanced damages. The allegations and evidence, as shown above, show that Defendant knew of the Smith Patent more than a year prior to this lawsuit (including that claims were directed to correcting bump steer), was aware of Plaintiff's product practicing the patent, knew of the infringement allegations, and yet, in spite of this knowledge, used product names, product descriptions, and photographs touting the

Accused Infringing Device for the correction of bump steer.

Plaintiff specifically alleged in his FAC that Defendant's infringement was willful and with knowledge of Plaintiff's products more than one year before the filing of this lawsuit. ECF Dkt. No. 19, FAC ¶¶ 34, 35, 48-50, 57, 70, 71, 76, 83, 87, 92. Plaintiff provided evidentiary support for these allegations by way of a copy of the demand letter sent to Defendant more than one year prior to the filing of this lawsuit, in which Defendant specifically was informed of Plaintiff's product and in which Plaintiff demanded that Defendant cease selling product similar to Plaintiff's product. *Id.* at ¶ 34. Plaintiff specifically alleged in his complaint that at least as early as December 2018, Defendant was aware of Plaintiff's patent and Plaintiff's rights in the patent, and yet willfully and intentionally commended infringing, and continued to infringe, the patent. *Id.* at ¶¶ 34, 35, 48-50, 57, 70, 71, 76, 83, 87, 92.

Mr. Smith has properly alleged the elements of willful infringement. Mr. Smith plainly alleges that the Infringing Product infringes the Smith Patent. *E.g.*, *Id.* at ¶¶ 19, 34, 39, 42, 44, 46, 49, 60-62, 78-80. Mr. Smith further alleges that:

- Defendant promotes the Infringing Product on its own website and on eBay, stating its use to correct bump steer as stated in claims of the Smith Patent. *Id.* at ¶¶ 20-28.
- Defendant displays photographs of the Infringing Product installed on a vehicle in an infringing manner as claimed in the Smith Patent. *Id.* at ¶ 28.
- Defendant specifically gave its product a name indicating that it is to correct bump steer, as stated in the Smith Patent claims. *Id.* at ¶¶ 20, 22, 24, 26.
- Defendant was aware of the Smith Patent, its claims, and that the Infringing Product infringed the Smith Patent more than one year prior to the filing of this lawsuit. *Id.* at FAC ¶¶ 34, 35, 48-50, 57, 70, 71, 76, 83, 87, 92.
- Defendant had actual knowledge of the Smith Patent and its claims at the time it took all of the above actions. *Id.*

Defendant can neither claim ignorance of the Smith Patent and its claims, nor

avoid liability by recklessly disregarding the claims of the Smith Patent. The Supreme Court in *Halo* protected the discretion of district courts to penalize subjective willfulness in whatever form it appears, including "knowing or having reason to know of facts which would lead a reasonable [defendant] to realize [that its] actions are unreasonably risky." *Halo*, 136 S. Ct. at 1933 (citation omitted). Similarly, *Halo* identified "reckless" conduct—recklessness as to the risk of infringement—as a basis for willful infringement. *Id.* A federal district court in Texas recently applied the reasoning in *Halo* and *Global-Tech* to conclude that willful blindness is a substitute for actual knowledge when pleading willful infringement. *Motiva Patents, LLC v. Sony Corp. HTC Corp.*, No. 9:18-CV—00180-JRG-KFG, 2019 WL, at *14 (E.D. Tex. Sept. 27, 2019) (holding that allegations of willful blindness as to the asserted patents sufficed to state a claim for willful infringement). Whether characterized as recklessness, willful blindness, or unreasonable disregard of risk, Plaintiff's allegations showing Defendant's willful blindness are sufficient here to plausibly plead willful infringement.

## IV. CONCLUSION

Plaintiff has properly alleged that Defendant induced infringement, contributorily infringed, and that its infringement of the Smith Patent was willful. To prevail, Plaintiff's claims need only contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Plaintiff's factual allegations must be accepted as true, and the court must make all reasonable inferences in the plaintiff's favor. Taken together and in light of this standard, Plaintiff has provided facts that properly state claims for inducement to infringe, contributory infringement and willfulness. Plaintiff's complaint is not a threadbare recital of elements of a cause of action supported by mere conclusory statements, or a "formulaic recitation" of claim elements, it is a fact-based review of the required elements against facts, more than sufficient to meet the pleading standard. Plaintiff requests that this Court deny Defendant's motion in its entirety.

DATED this 1st day of June, 2020.

GRAY LAW FIRM

By:

*/s/* Gordon E. Gray III

Gordon Gray (CSB #175209)
4401 N. Atlantic Ave.
Long Beach, CA 90807
(562) 984-2020
geg@grayiplaw.com
Attorneys for Plaintiff Justin Smith

**Certificate of Service:**

I hereby certify that on this 1st day of June, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Daniel C. Cotman (SBN 218315)
dan@cotmanlaw.com
Edward C. Schewe (SBN 143554)
ed@cotmanlaw.com
Griffin S. Lee (SBN 283607)
griffin@cotmanlaw.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
TEL: (626) 405-1413
FAX: (626) 316-7577
Attorneys for Defendant
EXTREME PERFORMANCE 1, LLC

_/s/_ Gordon E. Gray III
Gordon E. Gray III